*175 ON PETITION EOR REHEARING.
Reed, J.
An elaborate and very lengthy petition has been filed asking for a rehearing. We have carefully examined it. It is quite an able criticism from the writer’s standpoint.
Counsel is in error in assuming and stating that the question of ownership was a factor in the disposition of the case in this court. It is said in the opinion as statement of fact: “ appellees were in the possession under a title from government,” a fact established by the evidence. Neither counsel for appellees nor - this court based any right to recovery on the fact,- nor is such fact again referred to in the decision of the case. It is said in the opinion (pp. 4, 5) : “ The action was based and brought on a preceding clause, restoring the possession to a party from, which he or they may have been ousted by fraud, force or violence, or from ivhich he or they are heft out of possession by threats or by words or actions, etc. * * The decree is right * * * and warranted by the evidence, which fully established the wrongful entry and the retention of it by force and threats.” No further comment is needed. The decision was based upon these established facts alone, entirely regardless of title, or other legal considerations. Counsel complains at great length and insists that both the court below and this court ignored the issue made by the answer and replication,—“ That appellees took possession of the property during the temporary absence of appellants,” and the clause of the act providing, “ that no such writ shall issue in favor of any person or persons to restore * * * possession of any mining property if the said person or persons shall have obtained or procured possession of said property * * * or by taking possession of the same while the adverse party in possession was temporarily absent therefrom.” Perhaps the court is amenable to that criticism, and that it should have given it more marked attention. Neither the issue nor provision of the statute were overlooked, but it *176 was not supposed that counsel would seriously contend that that allegation of his answer was established by his evidence.
Take the statements of possession and occupation by appellants as made by counsel in his petition, and we have, “ The company had actual possession most of the time from 1880 to about November 1, 1887; that about six months afterwards appellees took possession,” etc. The statement is variant from the testimony of his witnesses, who show the last occupation of appellants or any person under them to have been in April or May, 1887, not November 1st. The testimony also shows the possession and occupation by appellees of the lode and mine in July of the same year, and of the shaft house and shaft, October, 1888. The preliminary advertising and proceedings were had and the entry made on the 20th day of March, 1889. The testimony thus establishes the fact that appellees had been in the quiet and undisturbed possession of the mining property some twenty-one months, and of the shaft house and shaft several months previous to the entry and eviction, and during that time there had been no assertion of ownership or right to the possession on the part of appellants. Circumstances point to an utter abandonment of the property early in the year 1887, but we do not wish to be understood as declaring an abandonment. We cannot construe an absence of twenty-one months as the “temporary absence” contemplated by the framers of the act. The appellants had had no possession for some time prior to the entry of appellees. By the language of the statute, the possession of the adverse party must have been disturbed and the eviction had during the temporary absence of parties in possession. Where the possession is required to be in existence, and the absence to be temporary, the word must receive its technical definition, the absence must be brief, limited, only a limited break in the actual manual occupation.
We do not hesitate to say that a total loss of possession without the assertion of rights for this length of time is not a “temporary absence” within the intention and purview *177 of the statute, and that appellants signally failed to establish, by evidence, the important allegation in the answer, upon which issue was taken. We do not intend to judicially decide the limit of time that may be considered “ temporary absence.” Each case must be more or less controlled by circumstances, and the conduct of parties evincing their intentions, but in this case where the possession of the adverse party was open and notorious for the time shown, the statutory amount of improvement made to justify an entry, the necessary notices given, and the title from government acquired, without the intervention of the claimants, the absence cannot be regarded as temporary, under the law.
The application for a rehearing must be denied.

Denied.